**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK C. SHEPPARD, | Civil Action No. 16-1091 (ES) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| JOHN POWELL, ET AL., | |
| Respondents. | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Mark Sheppard, for relief under 28 U.S.C. § 2254. The Court has reviewed the Petition. It appearing:

1. Upon the Court's review, it appears that the Petition barred because Petitioner is not "in custody." *See* 28 U.S.C. § 2254(a).

2. According to Petitioner himself, he was released from prison after serving his sentence on September 23, 2015. (D.E. No. 1-1 at 1). He did not file the instant petition, however, until February 23, 2016. (D.E. No. 1).

3. Federal law requires a habeas petitioner be "in custody pursuant to the judgement of a State court." § 2254(a). In construing the "in custody" requirement, the Supreme Court has held that a petitioner "cannot bring a federal habeas petition directed solely" at a conviction for which the sentence has already been served. *Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *see also Maleng v. Cook*, 490 U.S. 488, (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation

where a habeas petitioner suffers no present restraint from a conviction."); *Carafas v. LaVallee*, 391 U.S. 234 (1968) (holding that that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it). Such appears to be the case here.

4. Because the Court is raising *sua sponte* the issue of Petitioner's custodial status, the Court will afford Petitioner a chance to argue for an exception to the "in custody" requirement. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, as to why the Court should entertain his petition after his sentence has been served. Petitioner may also raise any other argument as appropriate with regard to Petitioner's custodial status.

**IT IS** therefore on this __29th__ day of June 2016,

**ORDERED** that Petitioner shall, within thirty (30) days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied for failing to meet § 2254(a)'s "in custody" requirement; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Esther Salas
United States District Judge