**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK C. SHEPPARD, | : |
| | : Civil Action No. 16-1091 (ES) |
| Petitioner, | : |
| | : |
| v. | : |
| | : MEMORANDUM OPINION |
| JOHN POWELL, | : |
| | : |
| Respondent. | : |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On February 5, 2016, Petitioner Mark C. Sheppard ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 conviction for weapon-possession charges. (D.E. No. 1, Petition ("Pet.")). His Petition raises only one ground for relief:

> Whether a citizen's constitutional protections against unreasonable search of his home are violated when law enforcement relies on the emergency aid exception to the warrant requirement while its actions demonstrate neither an emergency nor exigency.

(*Id.* ¶ 12).

2. When he filed his Petition, it appeared that Petitioner was not "in custody" pursuant to the 2011 conviction he is challenging. (*See* D.E. No. 1-1). As a result, the Court entered an Order requiring Petitioner to show cause why the Petition should not be dismissed for failing to meet the "in custody" requirement of Section 2254. (*See* D.E. No. 2).

3. In his Response to the Court's Order, Petitioner argues that he is "still effectively in custody pursuant to the judgement of a state court as he is being held on home custody with electronic monitoring while out on bail awaiting trial on the previously reversed convictions

toward which habeas corpus relief is sought." (D.E. No. 4, Petitioner's Response ("Response") ¶ 1). Petitioner further states that the Petition is "not directed solely at the formerly completed sentence but rather at the potential of future penalties being imposed from matters involving an actual ongoing case over which there remains considerable controversy." (*Id.* ¶ 2).

4. Based on Petitioner's response, the exact procedural posture of his criminal convictions is unclear. However, the Appellate Division provides some clarity in its opinion addressing Petitioner's direct appeal:

> On December 4, 2009, a Bergen County grand jury returned an eight-count indictment against defendant, charging him with first-degree attempted murder, N.J.S.A. 2C:11–3 and N.J.S.A. 2C:5–1 (count one); second-degree aggravated assault, N.J.S.A. 2C:12–1(b)(1) (count two); third-degree aggravated assault, N.J.S.A. 2C:12–1(b)(2) (count three); third-degree possession of a weapon (a knife) for unlawful purposes, N.J.S.A. 2C:39–4(d) (count four); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28–6(2) (count five); third-degree hindering apprehension, N.J.S.A. 2C:29–3(b)(1) (count six); second-degree possession of a weapon (a handgun) by a previously convicted felon, N.J.S.A. 2C:39–7(b) (count seven); and fourth-degree possession of weapons (switchblade knives) by a previously convicted felon, N.J.S.A. 2C:39–7(a) (count eight). The trial court granted defendant's motion to sever counts seven and eight for a separate trial. Twenty-two months after the stabbing incident and less than two months before trial, defendant filed a notice of claim of self-defense.
>
> …
>
> On July 18, 2011, the jury returned its verdict, finding defendant not guilty of attempted murder, under count one, but guilty of second- and third-degree aggravated assault, unlawful possession of a weapon, evidence tampering, and hindering apprehension, under the remaining counts. After merger, the judge sentenced defendant on the second-degree aggravated-assault conviction to the maximum term of ten years of imprisonment, subject to an eighty-five percent parole disqualifier under the No Early Release Act (NERA), N.J.S.A. 2C:43–7.2. On the tampering-with-evidence conviction, the judge sentenced defendant to an eighteen-month term of imprisonment, and on the conviction of hindering apprehension, defendant received a five-year term of imprisonment, both terms consecutive to the sentence for aggravated assault.

> On April 17, 2012, defendant pled guilty to the severed weapon-possession charges, pursuant to a plea agreement, and received a sentence of five years of imprisonment, to run concurrently with the prison terms imposed on October 7, 2011. As part of his plea agreement, defendant reserved the right to appeal the denial of his suppression motion as well as the court's denial of certain jail credits.

*State v. Sheppard*, 97 A.3d 699, 703 (N.J. Super. Ct. App. Div. 2014).

5. On direct appeal, the Appellate Division affirmed the denial of the suppression motion, and Petitioner's judgment of conviction on the weapon-possession charges. *Id.* at 709. However, with regard to the conviction for aggravated assault and all related charges, the Appellate Division reversed and remanded for a new trial. *Id.* at 719.

6. Though it is not clear, it appears that Petitioner is challenging the conviction for weapons possession and resulting five-year sentence, as that was the only valid conviction at the time he filed his Petition. (Pet. ¶ 3.) Even if the Court were to assume that Petitioner was "in custody" on that conviction at the time he filed the instant Petition, Petitioner is nevertheless not entitled to habeas relief.

7. The only ground for relief raised in the Petition is a violation of his Fourth Amendment rights when the police entered his residence without a warrant. However, such a claim is not viable in a federal habeas petition. In *Stone v. Powell*, the U.S. Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Here, the state trial court held a hearing on Petitioner's Fourth Amendment claim, and denied the motion to suppress. *State v. Sheppard*, 97 A.3d 699, 708 (N.J. Super. Ct. App. Div. 2014). The

Appellate Division affirmed the trial court's ruling, *see id.*, and the New Jersey Supreme Court denied certification, *State v. Sheppard*, 110 A.3d 932 (N.J. 2015). Thus, Petitioner had the opportunity to fully and fairly litigate his Fourth Amendment claim and federal habeas review is unavailable.

8. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

9. For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J**